■ VICTOR J. ZUPA et al., Appellants, v PARADISE POINT ASSOCIATION, INC., Respondent, et al., Defendants. [818 NYS2d 589]—

In an action pursuant to RPAPL article 15 to determine claims to certain real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 29, 2005, as denied their motion for summary judgment on the complaint insofar as asserted against the defendant Paradise Point Association, Inc., denied their separate motion for a preliminary injunction, and granted the cross motion of the defendant Paradise Point Association, Inc., for leave to amend its answer to add a counterclaim and an affirmative defense.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the plaintiffs to the defendant Paradise Point Association, Inc.

The plaintiffs commenced this action, inter alia, to determine the rights concerning a basin abutting their property. They alleged, among other things, that the docks owned by the defendant Paradise Point Association, Inc. (hereinafter the PPA), unreasonably interfered with their right of access to the navigable waters of a canal leading to the Southold Bay.

The plaintiffs failed to establish, prima facie, their entitlement to summary judgment on the complaint insofar as asserted against the PPA since the evidence proffered was insufficient to demonstrate, as a matter of law, an unreasonable interference with their riparian rights (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Town of Hempstead v Oceanside Yacht Harbor*, 38 AD2d 263, 264 [1972], *affd* 32 NY2d 859 [1973]). In any event, we note that the PPA raised issues of fact, inter alia, as to the level of interference, if any, with the plaintiffs' right of access to navigable waters (*see Town of Hempstead v Oceanside Yacht Harbor, supra*).

The plaintiffs' remaining contentions are without merit. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.